(CONN (New Haven)
02-CV-2212
Underhill

# MANDATE

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 28th day of October, Two thousand and four.

PRESENT:
>HON. JOSEPH M. McLAUGHLIN,
>HON. ROBERT A. KATZMANN,
>HON. REENA RAGGI,
>>*Circuit Judges.*

[FILED OCT 28 2004 — SECOND CIRCUIT]

------------------------------------------X

TYRONE P. GRANT,

>*Plaintiff-Appellant,*

-v.-                                                      No. 03-7950-cv

CITY OF NEW HAVEN,

>*Defendant-Appellee.*

------------------------------------------X

SUBMITTED FOR APPELLANT:    TYRONE P. GRANT, *pro se*, New Haven, CT.

SUBMITTED FOR APPELLEE:    RENE GERARD MARTINEAU, Del Sole & Del Sole, L.L.P., Wallingford, CT.

Appeal from the United States District Court for the District of Connecticut (Underhill, J.).



— ISSUED AS MANDATE: 3-30-05 —

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Tyrone P. Grant, pro se, appeals from the judgment of the United States District Court for the District of Connecticut (Underhill, J.), dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e), on the grounds of res judicata and the Rooker-Feldman doctrine. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We resolve this case by concluding that the district court correctly held that it lacked subject matter jurisdiction to adjudicate Grant's action pursuant to the Rooker-Feldman doctrine. See Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (affirming district court's dismissal of claim based on alternative ground). The Rooker-Feldman doctrine bars not only claims that involve direct review of a state court decision, but also claims that are "inextricably intertwined" with a state court decision. Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996). This Court has held that a "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Hachamovitch v. DeBuono, 159 F.3d 687, 694 (2d Cir. 1998) (citation and internal quotations omitted). Here, an independent review of the record reveals that Grant's complaint effectively sought review of the July 28, 1998 decision by the Connecticut Superior Court. Grant takes issue with the state court's rulings, such as the holding that Progressive's insurance policy was not inconsistent with § 29-109(b) of the New Haven City Ordinances or the holding that there was not a special relationship between the police chief and Grant giving rise to a continuing duty to Grant. To the extent that Grant alleged a violation of the Equal Protection Clause, Grant cannot seek reversal of the state court judgment simply by recasting his complaint in the form of a civil rights complaint. The Rooker-Feldman doctrine bars a district court from hearing challenges to state court decisions even where "those challenges allege that the state court's action was unconstitutional." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Furthermore, Grant's additional arguments on appeal are without merit and do not bear on the ultimate issue of whether the district court has jurisdiction to adjudicate Grant's action pursuant to the Rooker-Feldman doctrine.

Although a *pro se* plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim, a district court need not grant leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999). Here, the district court did not err in failing to grant leave to amend, because a liberal reading of the complaint fails to indicate any possibility that Grant states a colorable claim with "an arguable basis in law or in fact" to save jurisdiction.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Richard Alcantara*
Richard Alcantara, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

-3-